IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41433
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROHAN EVERING,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-100-2
---------------------
September 29, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Rohan Evering appeals his conviction following a conditional plea of guilty, arguing that the district court erred in denying his motion to suppress evidence obtained during a detention that exceeded the scope of a valid traffic stop. Evering also argues that his consent to search a box found in the vehicle was invalid because he was unaware of his right to refuse to consent to the search.

When the district court makes factual findings following a pre-trial hearing on a motion to suppress, this court reviews

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such findings for clear error, viewing the evidence in the light most favorable to the party that prevailed in the district court. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994). The district court's conclusions of law based on its factual findings are reviewed de novo. United States v. Zapata-Ibarra, 212 F.3d 877, 880-81 (5th Cir. 2000).

In analyzing whether an officer's action violates the Fourth Amendment, a court must determine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20 (1968). The initial stop, based on a traffic violation, was valid. The evidence supports the finding that the detention was not prolonged by the officers' questioning, as the questioning took place while the officers were waiting for the results of the computer check on the driver's license. See United States v. Shabazz, 993 F.2d 431, 437 (5th Cir. 1993).

Whether consent is voluntarily given is "a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Although awareness of the right to refuse to consent is one of the factors to be considered by a court, such knowledge is not an absolute necessity to a finding of effective consent. United States v. Brown, 102 F.3d 1390, 1396 (5th Cir. 1996). The record supports the district court's finding of valid consent.

In light of the foregoing, the order of the district court denying Evering's motion to suppress is AFFIRMED.